IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATRICIA WATKINS,**

    **Plaintiff,**

v.

    Civil Action 2:24-cv-1809
    Judge Michael H. Watson
    Magistrate Judge Kimberly A. Jolson

**JOE BIDEN, et al.,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Patricia Watkins, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Joe Biden, Donald Trump, and the State of Ohio. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.    STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Although a complaint need not contain detailed factual allegations, it must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Halsell v. T-Mobile Customer Relations*, 1:23-cv-202, 2023 WL 3051223, at *1 (S.D. Ohio Apr. 24, 2023) (internal quotations omitted) (citing *Iqbal*, 556 U.S. at 678). While the Court must construe a *pro se* plaintiff's complaint liberally, the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). At bottom, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff names Joe Biden, Donald Trump, and the State of Ohio as defendants. (Doc. 1-1 at 1; Doc. 1-4). In her complaint, Plaintiff reports she recently became homeless and that her "rights are being violated[.]" (Doc. 1-1 at 1). According to Plaintiff, she relies on a close friend to help her, but other friends and family do not contact her. (*Id.* at 1, 3, 5). In sum, Plaintiff says she's "down on [her] luck." (*Id.* at 5). Seemingly, Plaintiff also asserts that unnamed individuals stole from her and falsely accused her of misdeeds. (*See id.* at 3, 5). Finally, Plaintiff sues for "55 billion dollars." (*Id.* at 5).

All of Plaintiff's claims fail for the same reason: She does not assert facts specific to any Defendant. Indeed, she doesn't mention Biden, Trump, or the State of Ohio in her complaint. (*See generally* Doc. 1-1). Plaintiff also provides no details for her claims against the unnamed individuals. For instance, she does not state with specificity which individuals stole from her or falsely named her in lawsuits. Nor does she say when these events occurred. To the extent Plaintiff says "they" violated her rights, such generalizations are not enough. Even though Plaintiff is

proceeding *pro se*, she is still required to "allege, with particularity, facts that demonstrate what *each* defendant did to violate" her rights. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (emphasis in original) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Here, Plaintiff does not do so. Further, her allegations, like requesting $55 billion, are frivolous.

So, even construing her complaint liberally, the Court cannot discern any specific actions taken by Defendants or which rights of Plaintiff's may have been violated. As such, Plaintiff's complaint should be dismissed in its entirety. The Undersigned also notes that at least some of the Defendants enjoy certain immunities, but the Court need not address them here because Plaintiff's complaint otherwise fails on its face.

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. But for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: April 18, 2024           /s/ Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE